**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:11-cv-01110-PAB-KMT

SHIRE LLC,
SUPERNUS PHARMACEUTICALS, INC.,
SHIRE DEVELOPMENT INC.,
SHIRE INTERNATIONAL LICENSING B.V.,
AMY F.T. ARNSTEN, PH.D.,
PASKO RAKIC, M.D., and
ROBERT D. HUNT, M.D.,

       Plaintiffs,

v.

SANDOZ INC.,

       Defendant.

**PROPOSED SCHEDULING ORDER**

**1.  DATE OF CONFERENCE**

**AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Rule 16(b) Scheduling Conference is to be held on August 22, 2011, at 9:00 am (Mountain Daylight Time) before Magistrate Judge Tafoya.

<u>Counsel for Plaintiffs Shire LLC, Supernus Pharmaceuticals, Inc., Shire Development Inc., Shire International Licensing B.V., Amy F.T. Arnsten, Pasko Rakic, and Robert D. Hunt</u>:

| | |
|---|---|
| Edgar H. Haug | Thomas C. Bell |
| Sandra Kuzmich | Davis Graham & Stubbs, LLC |
| Elizabeth Weiskopf | 1550 Seventeenth Street |
| Rami Bardenstein | Denver, Colorado 80202 |

1

Frommer Lawrence & Haug    Telephone: (303) 892-9400

745 Fifth Avenue

New York, New York 10151

Telephone: (303) 892-9400

Counsel for the Defendant Sandoz Inc.:

Richard T. Ruzich    Edward Stewart

Robert M. Gould    Wheeler Trigg O'Donnell LLP

Duane Morris LLP    1801 California Street

190 South LaSalle Street, Suite 3700    Suite 3600

Chicago, Illinois 60603-3433    Denver, Colorado 80202

Telephone: (312) 499-6783    Telephone: (303) 244-1800

Laura A. Vogel

Duane Morris LLP

100 High Street, Suite 2400

Boston, MA  02110

Telephone:  (857) 488-4200

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over the claims for infringement of U.S. Patent Nos. 5,854,290 ("the '290 patent"), 6,287,599 ("the '599 patent"), and 6,811,794 ("the '794 patent") (collectively, the "patents-in-suit") and Sandoz Inc.'s ("Sandoz") counterclaims for noninfringement and invalidity of these same patents pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant asserts that this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§

2

1337(a), 2201(a) and (b), 2202 and 21 U.S.C. §355(j)(5)(C)(i) and 35 U.S.C. § 271(e)(5).

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiffs Dr. Arnsten ("Arnsten"), Dr. Rakic ("Rakic"), and Dr. Hunt ("Hunt") are the owners of the '290 patent, entitled "Use of Guanfacine in the Treatment of Behavioral Disorders." The '290 patent issued on December 29, 1998. Shire International Licensing B.V. has an exclusive license under the '290 patent with respect to, *inter alia*, drug products containing the active ingredient guanfacine and its derivatives. Shire LLC is, *inter alia*, exclusively distributing Intuniv® in the United States.

Supernus Pharmaceuticals, Inc. ("Supernus") is the owner of the '599 and '794 patents, both entitled "Sustained Release Pharmaceutical Dosage Forms with Minimized pH Dependent Dissolution Profiles." The '599 patent issued on September 11, 2001. The '794 patent issued on November 2, 2004. Shire LLC has an exclusive license under the '599 and '794 patents with respect to, *inter alia*, drug products containing the active ingredient guanfacine or salts thereof.

Shire Development Inc. is the owner of New Drug Application ("NDA") No. 022037, which was approved by the Food and Drug Administration ("FDA") for the manufacture and sale of guanfacine hydrochloride extended tablets, Eq. 1 mg Base, Eq. 2 mg Base, Eq. 3 mg Base and Eq. 4 mg Base, which are marketed under the name of Intuniv®. The patents-in-suit are listed in the FDA's "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book," in connection with NDA No. 022037 as covering Intuniv®.

Defendant Sandoz prepared and submitted Abbreviated New Drug Application ("ANDA") No. 202568 ("Sandoz's ANDA") to the FDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of generic guanfacine hydrochloride

extended release tablets, 4mg ("Sandoz's Proposed Product") before the expiration of the patents-in-suit.

Sandoz sent a notification, dated March 14, 2011, pursuant to §505(j)(2)(B)(ii) of the FDCA regarding Sandoz's Proposed Product ("Sandoz's Notice Letter"). As required by statute, Sandoz provided Plaintiffs with "Notice of Certification" stating that Sandoz's ANDA contains certifications under 21 U.S.C. 355(j)(2)(A)(vii)(IV) (commonly known as paragraph IV certifications), which assert that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, importation, sale, or offer for sale of Sandoz's Proposed ANDA Product.

   *a. Plaintiffs:*

The three patents in suit, namely the '290, '599 and '794 patents, have expiration dates of September 21, 2015, December 20, 2020, and July 4, 2022, respectively. In addition, Intuniv was awarded a New Product exclusivity by the FDA, which expires on September 2, 2012. This regulatory exclusivity prevents final approval and commercialization of any generic version of Intuniv prior the expiration of such exclusivity. Furthermore, within 45 days of receipt of Sandoz's Notice Letter, an infringement action was brought under 35 U.S.C. §271 asserting the '290, '599, and '794 patents against Sandoz initiating the automatic 30-month stay of the FDA's final approval of Sandoz's ANDA.

In their First Amended Complaint filed with this Court on July 11, 2011, Plaintiffs allege that Sandoz's submission and filing of ANDA No. 202568 with paragraph IV certifications to the '290, '599, and '794 patents for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of Sandoz's Proposed Product before the expiration of the '290, '599, and '794 patents constitute infringement of the

'290, '599, and '794 patents. Plaintiffs also allege that the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Sandoz's Proposed Product will infringe the '290, '599, and '794 patents. Plaintiffs also allege that the sale or offer for sale of Sandoz's Proposed Product by Sandoz would induce and/or contribute to third-party infringement of one or more claims of the '290 and '794 patents. Further, Plaintiffs allege that Sandoz was aware of the existence of the '290, '599, and '794 patents, thus rendering this case "exceptional" under 35 U.S.C. § 285.

Sandoz has counterclaimed that the '290, '599, and '794 patents are not infringed and/or are invalid. Plaintiffs deny these allegations and request that the Court deny Sandoz's claim for relief.

   *b. Defendant:*

Sandoz denies Plaintiffs' claim for relief, and alleges that the '290, '599, and '794 patents are each invalid over the prior art. Sandoz further alleges that no valid claim of the '290, '599, and '794 patents will be infringed by Sandoz's proposed guanfacine ANDA product. Sandoz also reserves the right to assert unenforceability of any of the '290, '599, and '794 patents in the event that discovery reveals that inequitable conduct occurred during prosecution of the patents-in-suit.

The '290 patent claims the use of guanfacine in the treatment of behavior disinhibition disorders, including ADHD, in primates, with minimal side effects. The use of guanfacine for treating such behavioral disorders was described in the prior art more than one year before the earliest possible priority date of the '290 patent. Sandoz asserts that each of the claims of the '290 patent is at least invalid as anticipated and/or obvious over the prior art under 35 U.S.C. §§ 102, 103. Sandoz also asserts invalidity of the '290 patent under other sections of Title 35.

5

Sandoz will not directly or indirectly infringe any valid claim of the '290 patent, either literally or under the doctrine of equivalents by making, using, selling, offering to sell and/or importing its proposed ANDA product.

The '599 patent claims extended release formulations, including formulations containing guanfacine. Such oral extended release formulations were known in the prior art more than one year before the earliest possible priority date of the '599 patent. Sandoz asserts that each of the claims of the '599 patent is at least invalid as anticipated and/or obvious over the prior art under 35 U.S.C. §§ 102, 103. Sandoz also asserts invalidity of the '599 patent under other sections of Title 35. Sandoz will not directly or indirectly infringe any valid claim of the '599 patent, either literally or under the doctrine of equivalents by making, using, selling, offering to sell and/or importing its proposed ANDA product.

The '794 patent claims specific formulations and methods of using those formulations. Such oral extended release formulations were known in the prior art more than one year before the earliest possible priority date of the '794 patent. Sandoz asserts that each of claims of the '794 patent is invalid as anticipated and/or obvious over the prior art under 35 U.S.C. §§ 102, 103. Sandoz also asserts invalidity of the '794 patent under other sections of Title 35. Sandoz will not directly or indirectly infringe any valid claim of the '794 patent by making, using, selling, offering to sell and/or importing its proposed ANDA product.

Sandoz is also seeking attorneys' fees under 35 U.S.C. § 285, as this is an "exceptional" case.

   c. *Other Parties:* N/A

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Shire LLC is a corporation organized and existing under the laws of the State of Kentucky, having its principal place of business at 9200 Brookfield Court, Florence, Kentucky 41042.

2. Sandoz is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, New Jersey 08540.

3. Shire Development Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

4. Shire International Licensing B.V. is a corporation organized and existing under the laws of the Netherlands, having a principal place of business at Strawinskylaan 847, 1077 XX Amsterdam, The Netherlands.

5. Supernus is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1550 East Gude Drive, Rockville, Maryland 20850.

6. Dr. Arnsten is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510.

7. Dr. Rakic is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510.

8. Dr. Hunt is an individual with a principal place of business at Center for Attention and Hyperactive Disorders, 2129 Belcourt Avenue, Nashville, Tennessee 37212.

9. U.S. Patent No. 5,854,290 issued on December 29, 1998.

10. U.S. Patent No. 6,287,599 issued on September 11, 2001.

11. U.S. Patent No. 6,811,794 issued on November 2, 2004.

12. Shire Development Inc. is the holder of NDA No. 022037, which the FDA approved for the manufacture and sale of guanfacine hydrochloride extended release tablets, Eq. 1 mg Base, Eq. 2 mg Base, Eq. 3 mg Base and Eq. 4 mg Base, which is marketed under the name of Intuniv®.

13. Sandoz is the owner of ANDA No. 202568 for guanfacine hydrochloride extended-release tablets, 4 mg.

## 5. COMPUTATION OF DAMAGES

Plaintiffs state that under 35 U.S.C. § 271(e)(4)(C), damages or other monetary relief may be awarded in this action if Sandoz commercially manufactures, uses, offers for sale, or sells within the United States or imports into the United States any products that infringe one or more of the patents-in-suit. To Plaintiffs' knowledge, Sandoz has not yet engaged in such commercial activity. Plaintiffs, however, request a judgment awarding damages or other monetary relief if Sandoz engages in any of the aforementioned actions. Specifically, Plaintiffs reserve the right to assert claims for damages under 35 U.S.C. § 271(e)(4)(C) or 35 U.S.C. § 284 (or both) as well as the right to seek increased damages due to Sandoz's willful infringement. Plaintiffs also reserve the right to seek prejudgment interest.

Defendant states that no damages are available to Plaintiffs because the Defendant has not engaged in commercial activity of its ANDA product. This Court did not have subject matter jurisdiction over any damages averments at the time Plaintiffs filed its Complaint and Amended Complaint, including Shire's averment under 35 U.S.C. § 271(b).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting:

   July 28, 2011

b. Names of each participant and party he/she represented:

   <u>Present on behalf of Plaintiffs Shire LLC, Supernus Pharmaceuticals, Inc., Shire Development Inc., Shire International Licensing B.V., Amy F.T. Arnsten, Pasko Rakic, and Robert D. Hunt</u>:

   Edgar H. Haug

   Sandra Kuzmich

   Thomas C. Bell

   Elizabeth Weiskopf

   Jason Kanter

   <u>Present on behalf of Defendant Sandoz Inc.</u>:

   Richard T. Ruzich

   Laura A. Vogel

   Theresa R. Wardon

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

   In accordance with the Court's directive of July 22, 2011, the parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 15, 2011.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

   None.

e. Statement concerning any agreements to conduct informal discovery:

   No informal discovery is anticipated at this time.

    f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

        Pursuant to the Court's directive, the parties agree to use a unified exhibit numbering system.

    g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

        The parties anticipate extensive electronic discovery. At the Rule 26(f) conference, the parties represented that they have preserved electronically stored information. The parties agree to facilitate discovery of electronically stored information, limit the associated discovery costs and delay, and avoid discovery disputes relating to electronic discovery by adopting a discovery procedure, which the parties are working towards and intend to file with the Court. Furthermore, Plaintiffs have proposed a procedure, within a Proposed Stipulated Protective Order, to address claims of privilege and of protection of trial-preparation materials after production of computer-generated records.

    h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

        The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement. The parties agree that settlement is premature at the present time. The parties also certify that they will report the result of any settlement meeting or any meeting regarding alternate dispute resolution to the magistrate judge within ten days of such meeting.

## 7. CONSENT

All parties *have not* consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: Each side shall be limited to 40 interrogatories. Each side shall be limited to 15 depositions, excluding experts.

Plaintiffs propose:

Depositions:

Plaintiffs propose adopting the presumptive number of ten (10) depositions under Fed. R. Civ. P. 30(a)(2)(A)(i), not including expert depositions. Plaintiffs also propose taking the deposition of each expert that provides an expert report under Fed. R. Civ. P. 26(a)(2).

Interrogatories:

Plaintiffs propose adopting the presumptive number of twenty-five (25) interrogatories under Fed. R. Civ. P. 33(a)(1).

Defendant proposes:

Depositions:

Defendant requests 15 fact depositions, separate from any depositions related to claim construction. Additionally, Defendant proposes that all 30(b)(6) designations shall be counted as a single deposition.

Interrogatories:

Defendant proposes that 60 interrogatories be allowed, or that 25 interrogatories should be permitted with a liberal interpretation of permissible "sub-parts."

b. Limitations which any party proposes on the length of depositions:

Plaintiffs propose:

If Plaintiffs' fact witness deposition transcripts from other litigations are requested by and produced to Sandoz, Plaintiffs propose that the length of such fact witness' depositions in the instant action may be reduced commensurately. Plaintiffs further propose the use of best efforts to minimize duplicative lines of questioning. The parties further agree that, at the deponent's discretion, the deposition may be carried out over two separate days, with the total duration of any deposition not exceeding 7 hours.

Defendant proposes:

To avoid duplication and keep costs down, Defendant will request the production of relevant witness deposition transcripts from other guanfacine litigations that Plaintiffs are currently engaged in and/or have prosecuted in the past. However, Defendant does not agree to Plaintiffs' proposal "that the length of such fact witness depositions in the instant action may be reduced commensurately."

c. Limitations which any party proposes on the number of requests for production and/or requests for admission:

The parties agree that seventy-five (75) requests for production are appropriate.

The parties agree to fifty (50) requests for admission for subject matter unrelated to authentication of documents, and to an additional fifty (50) requests for authentication of documents and things.

d. Other Planning or Discovery Orders:

The parties shall submit a Proposed Stipulated Protective Order for the Court's consideration no later than August 29, 2011.

## 9.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

   October 6, 2011, as per the 45 day limit pursuant to D.C.COLO.LCivR Appendix F.1.

b. Discovery Cut-off:

   Fact discovery: April 30, 2012

   Expert discovery: September 28, 2012

c. Dispositive Motion Deadline:

   October 29, 2012

d. Expert Witness Disclosure:

   1. Anticipated fields of discovery:

   Plaintiffs:

   Technical fields:

   - Formulation
   - Dissolution
   - Pharmacokinetics
   - Clinical aspects of ADHD (e.g., relevant physiological and biochemical mechanisms as to the disorder and treatment thereof)

   Legal Issues:

   - Patent law
   - Validity
   - Infringement
   - Commercial success

13

Plaintiffs anticipate that further fields of discovery will become apparent after analysis of discovery.

Defendant:

Technical fields:

- Formulation/Organic Chemistry
- Dissolution
- Pharmacokinetics
- Clinical treatment of ADHD

Legal Issues:

- Patent law
- Claim Construction
- Validity (including commercial success)
- Infringement

2. Limitations which the parties propose on the use or number of expert witnesses:

Five (5) experts and one (1) additional potential expert for any charge of inequitable conduct.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

June 15, 2012

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

July 16, 2012

Furthermore, both parties agree that reply expert reports are appropriate in the present

    case, and agree to provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) within 2 weeks of the rebuttal expert report deadline, July 30, 2012.

e. Identification of Persons to be Deposed:

<u>By Plaintiffs</u>:

**Plaintiffs propose to take the depositions of the following individuals, including but not limited to:**

Gregory Seitz

Plaintiffs will identify additional people to be deposed through information obtained following document production and other written discovery.

<u>By Defendant</u>:

**Defendant proposes to take the depositions of the following individuals, including but not limited to:**

Amy F.T. Arnsten

Patricia S. Goldman-Rakic,

Robert H. Hunt,

Beth A. Burnside,

Rong-Kun Chang,

Xiaodi Guo,

Paul T. Clark, Esq.,

Susan M. Michaud, Esq.,

Raymond J. Lillie, Esq.,

Elliot M. Olstein, Esq.,

       Mary E. (Gormley) Lane, Esq.

       and other Rule 30(b)(6) designees.

       Defendant will identify additional people to be deposed through information obtained following document production and other written discovery.

    f. Deadline for Interrogatories:

       No later than 33 days prior to close of fact discovery.

    g. Deadline for Requests for Production of Documents and/or Admissions:

       No later than 33 days prior to close of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

    a.    A settlement conference will be held on_____ at _____ o'clock \_\_.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

       ( )   *Pro se* parties and attorneys only need be present.

       ( )   *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

       ( )   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status Report outlining claim terms to be submitted for construction and a proposed Markman briefing schedule will be due in this case on or before November 28, 2011.

   c. A final pretrial conference will be held in this case on December 18, 2012 at 9:30 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than five (5) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties have not been able to resolve discovery or scheduling issues after a good faith effort in the following sections of the Proposed Scheduling Order:

- 8(a)
- 8(b)
- 8(d)
- 9(a)
- 9(b)
- 9(c)
- 9(d)
- 9(e)

  b. Anticipated length of trial and whether trial is to the court or jury.

The parties estimate a trial length of not more than 7 days. At this time, neither party has made a jury demand.

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro* se party must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The parties agree that the Scheduling Order, once entered by the Court, may be altered or amended only upon a showing of good cause.

DATED this 22nd day of August, 2011.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

s/ Edgar H. Haug                                       s/ Richard T. Ruzich

Edgar H. Haug                                          Richard T. Ruzich

Frommer Lawrence & Haug LLP              Duane Morris LLP

745 Fifth Avenue                                      190 South LaSalle Street, Suite 3700

New York, New York 10151                      Chicago, Illinois 60603-3433

Telephone: (212) 588-0800                        Telephone: (312) 499-6783