**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.:** 1:11-cv-01110-PAB-KMT

| | |
|---|---|
| SHIRE LLC, | ) |
| SUPERNUS PHARMACEUTICALS, INC., | ) |
| SHIRE DEVELOPMENT INC., | ) |
| SHIRE INTERNATIONAL LICENSING | ) |
| B.V., | ) |
| AMY F.T. ARNSTEN, PH.D., | ) |
| PASKO RAKIC, M.D., and | ) |
| ROBERT D. HUNT, M.D., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SANDOZ INC., | ) |
| | ) |
| Defendant. | ) |

---

## STIPULATED PROTECTIVE ORDER

---

WHEREAS, the parties have stipulated that certain discovery material be treated as confidential;

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of plaintiffs Shire LLC, Shire Development, Inc., Shire International Licensing B.V., Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D. ("Arnsten"), Pasko Rakic, M.D. ("Rakic"), and Robert D. Hunt, M.D. ("Hunt"), (collectively "Plaintiffs") and defendant Sandoz Inc. ("Defendant") or non-parties, that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information. Accordingly, it is this__day of September, 2011, by the United States District Court for the District of Colorado, ORDERED:

<u>Definitions</u>

1. The term "Party" and "Parties" shall mean any party to this litigation, including all of its officers, directors, employees.

2. The term "Outside Counsel" shall mean attorneys of the law firms Duane Morris LLP, Wheeler Trigg O'Donnell LLP, Frommer, Lawrence & Haug LLP, and Davis Graham & Stubbs LLP, who are not employees of a Party, but who are retained to represent or advise a Party in this litigation; and any such law firms retained to represent third parties.

3. The term "In-House Counsel" refers to attorneys who are employees of a Party.

4. The term "Producing Party" shall mean any Party to this action or any third party, including its directors, officers, or employees who produces any discovery material.

5. The term "Receiving Party" shall mean any Party to this action, including its counsel, retained experts, directors, officers, employees, or agents who receives any discovery material in this action.

6. The term "Protected Information" shall mean any document or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a Party or non-Party considers to be its trade secret, business, confidential, or proprietary

information, including, but not limited to, all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition and trial (or other hearing) testimony and exhibits that are designated pursuant to this Order. In designating information as "Protected Information," a Party or non-Party ("Designating Party") shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each Party shall act in good faith in designating information as "Protected Information."

7.    This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "Highly Confidential Information" and is designated as "Highly Confidential Information – Attorneys' Eyes Only." Information in the lower category is referred to and designated as "Confidential Information."

8.    The "Highly Confidential Information – Attorneys' Eyes Only" designation may only be used by a designating Party for commercially-sensitive information (e.g., about business plans and objectives, marketing, sales, revenues, profits, and forecasts), products in development, and future plans, strategies, and programs, and may not be used for technical information relating to, referring to, or concerning Shire LLC's New Drug Application ("NDA") 022037 or the products that are the subject of such NDA. The Highly Confidential Information – Attorneys' Eyes Only Information designation includes communications concerning Highly Confidential Information and any information or data derived from Highly Confidential Information. This designation shall be made in good faith. Protected Information that is designated as "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to the individuals identified in paragraphs 10(a)-10(g).

Defendant's ANDA Number 202568 will be designated "Highly Confidential - Attorneys'
Eyes Only" and may be disclosed to individuals identified in paragraphs 10(a)-10(i),
subject to the restrictions set forth in paragraph 11. All other Highly Confidential
Information may also be disclosed to the individual identified in paragraph 10(h) only
when and to the extent that such Highly Confidential Information is cited or disclosed in
(i) documents filed with the Court (not including discovery disputes); (ii) expert reports
exchanged pursuant to Federal Rule of Civil Procedure 26(a)(2); or (iii) responses to
discovery requests, such as requests for admission or contention interrogatories.

9.     The "Confidential Information" designation shall mean and include material of a
Designating Party other than that designated Highly Confidential Information – Attorneys'
Eyes Only that is not publicly known and which the Designating Party would not normally
reveal to third parties or, if disclosed, would require such third parties to maintain in
confidence. Material that is designated Confidential Information may be disclosed to any
of the individuals identified in Paragraph 10, subject to the other restrictions identified
herein.

10.    The term "Qualified Person" shall mean:

    a.   the Court and its official personnel;

    b.   Plaintiffs' Outside Counsel of record in Case No. 1:11-cv-01110-PAB-KMT and
         their law firms' active members, associate attorneys, paralegals, and office staff
         ("Plaintiffs' Outside Counsel");

    c.   Outside Counsel of record for the Defendant in Case No. 1:11-cv-01110-PAB-
         KMT and its law firms' active members, associate attorneys, paralegals, and
         ("Defendant's Outside Counsel");

d.   court reporters, stenographers, videographers, interpreters, translators, document coding or computerization services, third-party photocopy, data or imaging services contractors, third-party contractors producing graphic or visual aids and their respective assistants involved solely in providing litigation support services to Plaintiffs' or Defendant's Outside Counsel;

e.   any independent expert or consultant who is retained by Plaintiffs' or Defendant's Outside Counsel and their staffs solely for the purpose of assisting in any way in this action, and any testing laboratory retained by Outside Counsel or any expert or consultant.  For the purposes of this Protective Order, the terms "independent expert" and "consultant" shall not include any officer, director, or employee of any Party;

f.   a witness testifying under oath in any deposition or other proceeding of the above-captioned litigation who: (1) is or was an officer, director, or employee of the Designating Party; (2) is the author, recipient, or intended recipient of the Highly Confidential Information or Confidential Information; (3) is reasonably believed to have had access to or knowledge of the Highly Confidential Information or Confidential Information; (4) has been designated by the Designating Party under Fed. R. Civ. P. 30(b)(6) on a topic to which the Highly Confidential Information or Confidential Information pertains; or (5) has the consent of the Designating Party to such disclosure;

g.   jury consultants involved solely in providing litigation support services to Outside Counsel;

h.  two (2) In-House Counsel of a Party who have responsibility for managing, evaluating or consulting with respect to this litigation, provided such counsel have signed a non-disclosure agreement in the form attached hereto as Exhibit A.  The In-House Counsel of a party may be substituted by another In-House Counsel of that same party on a one-for-one basis provided that the In-House Counsel to be substituted meet all the conditions set forth in this paragraph 10(h), and further provided that no more than two In-House Counsel of a party may at any time be Qualified Persons as defined herein.  With respect to the individuals as plaintiffs, namely Arnsten, Rakic and Hunt, who have no In-House Counsel, Arnsten is designated as a Qualified Person pursuant to this paragraph and is subject to all of the restrictions set forth herein on other Qualified Persons identified pursuant to this paragraph; and/or

i.  any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the Parties.

11.  The disclosure of Confidential and Highly Confidential information is further subject to the following restrictions:

a.  The individuals specified in paragraphs 10(b), 10(c), 10(e), 10(f) and 10(h) who have received Confidential or Highly Confidential Information may not participate in any capacity in the prosecution of U.S. or foreign patent applications claiming or involving guanfacine or controlled-release formulations of guanfacine or processes for making guanfacine or controlled-release formulations of guanfacine, including the preparation of any materials which are directly used in the drafting or prosecution of applications claiming or involving

controlled-release formulations of guanfacine or processes for making guanfacine or controlled-release formulations of guanfacine enduring the pendency of this action, without prior approval from the Court to do so. The restrictions of this paragraph shall apply to individuals and not the organizations by which they are employed or affiliated, provided, however, that an appropriate ethical wall shall be established if others at the organization participate in or prepare materials for such prosecution.

## Use of Protected Information

12. Protected Information shall be used solely for the purpose of this action. Specifically, Protected Information shall not be used or disclosed by any Qualified Person for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). For sake of clarity, no Party or person receiving another Party's Confidential or Highly Confidential Information shall use such other Party's Confidential or Highly Confidential Information in any way in any proceedings involving the Food and Drug Administration (including citizen petitions and APA litigation) that concern any application for regulatory approval filed by any Party concerning controlled-release guanfacine or in any proceeding before the USPTO.

13. Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

   a. was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

   b. was or becomes available to the public through no fault of a Qualified Person;

c. was or is obtained from a source not under an obligation of secrecy to the Designating Party;

d. is exempted from the operation of this Protective Order by written consent of the Designating Party; or

e. is exempted by order of this Court.

<u>Disclosure of Protected Information</u>

14. Protected Information shall not be made available to anyone other than a Qualified Person or the Designating Party, except as otherwise provided in this Protective Order.

15. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

16. Nothing in this Protective Order shall prevent disclosure of Protected Information if the Designating Party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

17. Regarding disclosure of Protected Information to Qualified Persons:

a. Counsel desiring to disclose Protected Information to an independent expert, a consultant or testing laboratory according to subparagraph 10(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person/entity. At least five (5) business days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve on all parties that person's signed declaration and curriculum vitae or resume. A Designating Party may object to such disclosure for cause by serving a written objection upon each other Party within five (5) business days after receiving the signed declaration. Failure to timely object shall operate as a waiver of the

objection. Opposing counsel shall make a good faith effort to reach an agreement regarding the proposed disclosure to the expert, consultant, or testing laboratory. If an agreement cannot be reached, the objecting Party shall make an appropriate motion within five (5) business days after the objection is made. The burden shall be on the objecting Party to show the Court why the disclosure should not be made. If an objection is made, no Highly Confidential or Confidential Information shall be made available to the particular expert, consultant, or testing laboratory until after the Court rules that disclosure can be made, so long as the objection is followed by a timely motion.

b. Counsel desiring to disclose Protected Information to a person according to paragraphs 10(g), 10(h), and/or 10(i) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.

18. If Highly Confidential or Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Highly Confidential or Confidential Information and to prevent further disclosure.

<u>Identification and Marking of Protected Information</u>

19. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such designations shall be made in good faith. For a document, such marking shall appear on the initial page and each page of the document that contains Protected Information. In the case of computer medium, the

marking shall be placed on the medium and its label and/or cover.  In the case of a product

sample, the marking shall be placed on the container for the sample.  To the extent

practical, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL" designation shall be placed near the production number.  Any

Protected Information not reduced to documentary or physical form or which cannot be

conveniently labeled shall be so designated by the Designating Party by serving written

notice on all parties.  Any document or other tangible thing so labeled and the information

it contains or reveals shall be treated in accordance with the provisions of this Protective

Order.

20.     When a Party initially produces documents for inspection, no marking need be made to

such documents in advance of the inspection.  There will be no waiver of confidentiality

by the inspection of Protected Information before it is copied and marked confidential

pursuant to the procedure of paragraph 14.  For purposes of the inspection, all documents

shall be treated as Highly Confidential Information – Attorneys' Eyes Only.  After the

inspecting party selects documents for production, the designating party shall

appropriately mark the copies of the selected documents before they are provided to the

receiving party.

21.     Testimony or information disclosed at a deposition may be designated as Protected

Information either (a) on the record at the deposition or (b) by serving a written

notification within thirty (30) calendar days of receipt of the final transcript by counsel for

the Designating Party.  A copy of such written notification shall be attached to the face of

the transcript and each copy of the transcript in the possession, custody, or control of any

Qualified Person.  All information disclosed during a deposition shall be treated as Highly

Confidential Information – Attorneys' Eyes Only until at least thirty (30) calendar days after a final transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

22. Only Qualified Persons and the deponent shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

23. Deposition transcripts containing Protected Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS PROTECTED INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

24. In the case of responses to interrogatories or other discovery requests, information contained therein may be designated as Highly Confidential – Attorneys' Eyes Only or Confidential Information by prominently marking such paper with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" respectively.

25. Any memoranda, pleadings, affidavits or other papers served or filed with the Court that incorporate materials designated as Highly Confidential – Attorneys' Eyes Only or Confidential Information shall be prominently marked on the cover (near the caption to the extent practicable) with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" respectively, and maintained confidential pursuant to the procedures of this Court.

<u>Drafts of Expert Reports</u>

26. The parties agree that no Party or independent expert witness or consultant or testing laboratory, whether designated as a testifying witness or not, is required to maintain or produce drafts of expert reports or communications with outside counsel relating to the

captioned matter, or notes made or taken during preparation of laboratory testing or expert reports per Fed. R. Civ. P. 26(b)(4)(B). Communications between an independent expert witness, consultant, or testing laboratory and a Party's attorneys shall not be discoverable, except that facts or data contained in such communications and reviewed by or relied upon by such expert witness, consultant, or testing laboratory will become discoverable pursuant to Fed. R. Civ. P. 26(a)(2)(B) if and when such individual or entity is designated as a testifying witness.

27. Facts and data generated or reviewed by an expert, consultant, or testing laboratory and relied upon by such individual or entity will become discoverable if and when such individual or entity is designated as a testifying witness. The parties and testifying experts, consultants or testing laboratory shall fully comply with all other disclosure requirements of Federal Rule of Civil Procedure 26(a)(2) subject to the exclusions set forth in this Protective Order.

<u>Inadvertent Failure to Designate</u>

28. The inadvertent failure by a Party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to a reasonable extent to restore the confidentiality of the inadvertently disclosed information.

29. Upon notice to the receiving Party of such failure to designate, the receiving Party shall (1) take all reasonable steps to retrieve the relevant material, including any summaries and/or notes related to the Highly Confidential or Confidential Information, to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 10;

and (2) return to the producing Party any unmarked or improperly marked copies of the relevant material that are recovered or certify in writing that any such copies have been destroyed within ten (10) calendar days of receipt of properly designated substitute copies. The receiving Party reserves the right to challenge the designation of materials as Highly Confidential or Confidential Information.

Challenges to Protected Information Designation

30.    If any Qualified Person disputes or challenges the designation of any information as Protected Information, such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the Designating Party.

31.    A Party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Party disagrees at any time with a Protected Information designation made by another Party, a good faith attempt to resolve the dispute on an informal basis shall be made by the parties.  In the event the dispute cannot be resolved informally, the following procedure shall be used:

    a.    The Party seeking the removal of the designation of Protected Information shall give Outside Counsel for the designating Party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The Designating Party shall have fourteen (14) calendar days after receiving that notification within which to object to the removal of protection afforded by this Order.  Any such objection shall be made

in writing.  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.   If the Designating Party objects in a timely fashion, then the Party seeking the removal of protection for the designated Protected Information shall file and serve a motion with the Court; the designated material shall continue to be treated as Protected Information until the issue is resolved by Order of this Court or by agreement of the parties in dispute over the designation of Protected Information.

c.   On any motion arising out of the designation of any material as Protected Information under this Protective Order, the burden of justifying the designation shall lie with the Designating Party.

<u>Inadvertent Production of Privileged Information</u>

32.   Inadvertent production of documents or information to the receiving Party, including the use of such materials in depositions, pleadings or any written discovery; or disclosing such materials to the Court, subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s) or immunities.  Inadvertent production of documents or information shall be handled as follows, without prejudice to the right of any Party to apply to the Court for further protection or disclosure relating to discovery:

a.   Immediately upon receiving notice from the producing Party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving Party shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance.  In

addition, the receiving Party shall return the documents or materials, all copies, as well as the sections of any analyses, memoranda or notes referencing such information, or represent in writing that all such documents and materials have been destroyed within five (5) business days from receiving notice. If portions of a produced document contain inadvertently produced material(s) subject to the attorney-client privilege or work-product immunity, the producing Party shall provide a replacement copy of the document with privileged material(s) redacted. Within five (5) business days from receiving the replacement copy of the document the receiving Party shall return the unredacted document containing the inadvertently produced material(s) or represent in writing that all such documents and materials have been destroyed. For sake of clarity, the receiving Party may retain copies of pleadings and correspondence or other communications with the producing Party or the Court that reference the inadvertently produced documents or materials. Such notification by the producing Party shall constitute reasonable precautions to prevent disclosure and reasonably prompt measures to rectify the inadvertent production within the meaning of Fed. R. Evid. 502(b).

b. If the receiving Party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the receiving Party shall provide to Outside Counsel for the producing Party, within seven (7) calendar days after receipt of the producing Party's request for return, a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged.

c. Outside Counsel for the producing Party shall respond in writing to the receiving Party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) calendar days from receipt of the challenge.

d. In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving Party has seven (7) calendar days from receipt of the producing Party's written response to the privilege challenge to seek relief from the Court compelling production of the inadvertently produced documents or information. The receiving Party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material. Nor may the receiving Party challenge the privilege or immunity status on the fact or circumstance that the material has been inadvertently produced or disclosed. In the event that the challenge to a claim of privilege comes before the Court, the producing Party shall have the burden of proving that the produced documents or information are privileged.

33. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing Party has twenty-one (21) calendar days from the date of use or disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Protective Order, failure to provide notice within this 21-day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only. Handling of the inadvertently produced documents or

information following notice pursuant to this paragraph will be governed by the provisions set forth in paragraphs 32(a)-32(d).

## Filing of Protected Information

34. The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Protected Information.

35. In the event that a Party wishes to use any Protected Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be filed with the Court in a manner consistent with Local Rule 7.2.

## Advice to Clients

36. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Protected Information.  In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

## Non-Party Subpoena of Protected Information

37. If a Receiving Party receives a subpoena or other compulsory process from a non-Party to this Order seeking production or other disclosure of a Producing Party's Protected Information, that Receiving Party shall give written notice to Outside Counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other

compulsory process identifying the specific Protected Information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Protected Information requested prior to receiving a Court order or consent of the Producing Party. In the event that Protected Information is produced to a non-Party, such material shall be treated as Protected Information pursuant to this Order.

38. If any Party issues a subpoena to a non-Party to this Order that a Producing Party reasonably believes seeks production of information containing the Producing Party's Protected Information, the Producing Party shall be entitled to review the requested information before it is disclosed to the Requesting Party and designate any portion of this information as Protected Information under this Order within fourteen (14) calendar days of receipt.

<u>Miscellaneous</u>

39. No Party shall be responsible to another Party for any use made of information that is produced and not designated as Protected Information.

40. Nothing in this Protective Order shall prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery (e.g., lack of relevance, privilege or any other ground other than confidentiality), or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Highly Confidential or Confidential Information.

41.     Nothing in this Protective Order shall prejudice the right of any Party to seek at any time a further order modifying this Protective Order.

42.     In the event that a new Party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Protective Order.

43.     Nothing in this Protective Order shall prejudice the right of any Party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.  However, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the Party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

44.     Within sixty (60) calendar days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be either (a) returned to the attorney of record for the Designating Party or (b) destroyed with a written representation of such destruction being made to the attorney of record for the Designating Party within seven (7) calendar days of such destruction.  The return or destruction of Protected Information includes such Protected Information in the possession of experts, consultants and testing laboratories. Notwithstanding the foregoing, outside counsel for a receiving Party may retain Protected Information to the extent such Protected Information is contained in counsel's work product, correspondence between outside counsel, or in copies of pleadings and materials

that are of record in the litigation, subject to the confidentiality provisions of this Protective Order.

45.     The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

46.     The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

47.     The terms and procedures of this Protective Order shall be applicable to any third party who produces information that is designated by such third party as Protected Information pursuant to this Protective Order. Nothing in this paragraph permits a Party to designate as Protected Information any information produced by a third party which that third party did not itself designate as Protected Information.

48.     Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Plaintiffs shall be made to Edgar H. Haug or Sandra Kuzmich; notice to Defendant shall be made to Richard T. Ruzich or Laura A. Vogel, at their respective addresses of record filed with this Court for this civil action.

Submitted this 14th day of September, 2011.

APPROVED AND MADE AN ORDER OF THE COURT BY:


_____
United States Magistrate Judge
Kathleen M. Tafoya

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
Sandra Kuzmich
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
Email: ehaug@flhlaw.com
       skuzmich@flhlaw.com

DUANE MORRIS LLP
Richard T. Ruzich
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6783
Facsimile: (312) 896-5652
Email: rtruzich@duanemorris.com

DAVIS GRAHAM & STUBBS LLP

s/Thomas C. Bell
Thomas C. Bell
1550 Seventeenth St.
Suite 500
Denver, Colorado  80202
Email: tom.bell@dgslaw.com
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

*Attorneys for Plaintiffs*

DUANE MORRIS LLP

s/Laura A. Vogel
Laura A. Vogel
100 High Street, Suite 2400
Boston, MA  02110-1724
Telephone:  (857) 488-4200
Facsimile:  (857)488-4201
Email:  Lavogel@duanemorris.com

WHEELER TRIGG O'DONNELL LLP
Edward C. Stewart
1801 California Street, Suite 3600
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
Email:  stewart@wtotrial.com

*Attorneys for the Defendant*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:** 1:11-cv-01110-PAB-KMT

| | |
|---|---|
| SHIRE LLC, | ) |
| SUPERNUS PHARMACEUTICALS, INC., | ) |
| SHIRE DEVELOPMENT INC., | ) |
| SHIRE INTERNATIONAL LICENSING | ) |
| B.V., | ) |
| AMY F.T. ARNSTEN, PH.D., | ) |
| PASKO RAKIC, M.D., and | ) |
| ROBERT D. HUNT, M.D., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SANDOZ INC. | ) |
| | ) |
| Defendant. | ) |

---

## DECLARATION AND AGREEMENT TO BE BOUND

---

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present

employer is _____.

3. My present occupation or job description is

_____.

4. I have received and carefully read the Stipulated Protective Order in the above captioned case,

which is dated _____, 2011.  I certify that I understand the terms of that Protective

Order, recognize that I am bound by the terms of that Order, and agree to comply with those

terms.  Further, I understand that unauthorized disclosure of any Protected Information, or its

substance, may constitute contempt of this Court and may subject me to sanctions or other

remedies that may be imposed by the Court and to potential liability in a civil action for damages

by the disclosing party.  I hereby submit to the jurisdiction of this Court for the purpose of

enforcement of the Stipulated Protective Order in the above-captioned litigation.

I understand that I will use the Highly Confidential – Attorneys' Eyes Only or

Confidential Information solely for purposes relating to the above-captioned litigation.  In

addition to the foregoing, I understand that I must abide by all of the provisions of the Protective

Order.

At the termination of this litigation or any time requested by counsel, I will return to

counsel for the party by whom I am employed or destroy all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials containing or

reflecting Highly Confidential – Attorneys' Eyes Only or Confidential Information that have

come into my possession, and will return or destroy all documents or things I have prepared

relating to or reflecting such Highly Confidential – Attorneys' Eyes Only or Confidential

Information as required under the terms of the Stipulated Protective Order.

Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.


Executed On:_____

_____