IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01110–RBJ–KMT

SHIRE LLC,
SUPERNUS PHARMACEUTICALS, INC.,
SHIRE DEVELOPMENT INC.,
SHIRE INTERNATIONAL LICENSING B.V.,
AMY F.T. ARNSTEN, PH.D,
PASKO RAKIC, M.D., and
ROBERT D. HUNT, M.D.,

      Plaintiffs,

v.

SANDOZ INC.,

      Defendant.

---

**ORDER**

---

      This matter is before the court on "Defendant Sandoz Inc.'s Unopposed Motion for Leave to Amend Answer, Affirmative Defenses, and Counterclaims." (Doc. No. 70, filed Oct. 6, 2011)  In its Motion, Defendant seeks to amend its answer to "add an additional affirmative defense and counterclaim of unenforceability of the '290 patent due to inequitable conduct that was committed by one or more of the patentees during prosecution before the United State Patent and Trademark Office."  (Mot. ¶ 2.)

      Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend

the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983).

Plaintiffs do not oppose Defendant's Motion.  Additionally, the deadline to join parties

and amend the pleadings was set for October 6, 2011.  (*See* Doc. No. 49, filed Aug. 22, 2011.)

Defendants Motion was filed on that day; therefore it is timely.  Finally, the court finds that there

has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is ORDERED that

"Defendant Sandoz Inc.'s Unopposed Motion for Leave to Amend Answer, Affirmative

Defenses, and Counterclaims" (Doc. No. 70) is GRANTED.  The Clerk of Court shall file

"Sandoz Inc.'s First Amended Answer, Affirmative Defenses, and Counterclaims to Shire's

First Amended Complaint" (Doc. 70-1).

Dated this 12th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge